UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DIMETRI SMITH,

        Petitioner,        Case Number: 2:11-cv-12329

v.        HONORABLE GEORGE CARAM STEEH

KEN MCKEE,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Dimetri Smith's *pro se* petition for a writ of habeas corpus. Smith, who is presently incarcerated at the Bellamy Creek Correctional Facility, challenges his convictions for armed robbery, conspiracy to commit armed robbery, unlawful imprisonment, felonious assault, first-degree home invasion and possession of a firearm during the commission of a felony. The petition raises a claim that has not been exhausted in state court and, therefore, will be dismissed without prejudice.

I.

Following a jury trial in the Grand Traverse Circuit Court, Smith was convicted as set forth above. On July 3, 2008, he was sentenced to 180 to 270 months in prison for the conspiracy and armed robbery convictions, 120 to 180 months in prison for the unlawful imprisonment conviction, 32 to 48 months in prison for the felonious assault conviction, and 160 to 240 months in prison for the home invasion conviction, with all of

the foregoing to be served concurrently with one another and consecutively to two years in prison for the felony-firearm conviction.

Smith filed an appeal of right in the Michigan Court of Appeals. He raised a single claim through counsel – that his right to a fair trial was violated by admission of extensive other bad act evidence. He raised three additional claims in a pro per supplemental brief: (i) denied right to a fair trial by Judge's improper comments and seating of jurors who knew victim; (ii) counsel was ineffective in failing to move for a change in venue; and (iii) ineffective assistance of appellate counsel. The Michigan Court of Appeals affirmed the conviction. *People v. Smith,* No. 286552 (Mich. Ct. App. Dec. 29, 2009).

Smith filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claims raised in the Michigan Court of Appeals, except that he did not raise the claim that he was denied a fair trial by the trial judge's improper comments and the seating of jurors who knew the victim. The Michigan Supreme Court denied leave to appeal, *People v. Smith,* 486 Mich. 930 (Mich. May 25, 2010).

Smith then filed the pending habeas petition. He raises these claims:

I. The admission of similar act evidence denied the petitioner a fair trial as guaranteed by the 14th Amendment due process, United States Constitution.

II. Petitioner was denied the effective assistance of counsel . . . when his lawyer failed to investigate, produce, or cross-examine witness David Haworth about the existence of a police report that tended to contradict his trial testimony and also prove that the basis for the admission of similar act evidence in this case was clearly pretextual.

III. Petitioner was denied a fair trial by the presence of two jurors who knew the victim and by other evidentiary rulings.

II.

Respondent argues that the petition should be dismissed because the petition raises an unexhausted claim. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Smith's second claim, that his attorney was ineffective in failing properly to cross-examine witness David Haworth and in failing to oppose admission of other act evidence, was not raised in the Michigan Court of Appeals or the Michigan Supreme Court. Therefore, it is not properly exhausted.

The Michigan Court Rules provide a process through which Smith may raise his unexhausted claim. He may file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.* Smith may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claim on

direct review and resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Smith's unexhausted claim should be addressed to, and considered by, the state courts in the first instance.

In dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). To avoid jeopardizing the timeliness of a future petition, the Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Smith filed his petition, May 23, 2011, until he returns to federal court. *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002) (approving safeguards adopted here). The tolling of the limitations period is conditioned upon Smith "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of

the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition should be dismissed without prejudice. Therefore, the Court denies a certificate of appealability.

**IV.**

For the reasons stated, the Court concludes that Petitioner has not exhausted his state court remedies. Accordingly, the Motion for Order Dismissing Application for Writ of Habeas Corpus is GRANTED, the matter is DISMISSED WITHOUT PREJUDICE, and a certificate of appealability is DENIED.

SO ORDERED.

Dated: March 22, 2012

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 22, 2012, by electronic and/or ordinary mail and also to Dimetri Smith at Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

S/Josephine Chaffee
Deputy Clerk